IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:20-CR-00099-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER (under seal) |
| ) | |
| MARQUIS LAMAR MCDUFFIE, ) | |
| ) | |
| Defendant. ) | |

These matters come before the court on Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582 [DE 48], his counseled memorandum in support of the motion (DE 53), the government's response in opposition to the motion (DE 65), and Defendant's reply in support of the motion (DE 68). In essence, Defendant argues that an assault and the threat of personal harm from other inmates in response to his cooperation with law enforcement has "forced" him to reside in special housing units at different facilities for his own "protection" and has led to his fear for his safety and his inability to access the recreation and programming available to similarly situated inmates. Defendant contends that his circumstances are "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A) and, thus, support his request for early release. The United States opposes Defendant's request. For the reasons that follow, Defendant's motion is denied.

A district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by

the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[1] *see also United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). Under the statute, a defendant becomes eligible for relief only if the court finds that a reduction is both (1) warranted by "extraordinary and compelling reasons" and (2) "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). If the court finds the defendant has demonstrated he is eligible, the court must consider the factors set forth in section 3553(a), to the extent they are applicable. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). This court may deny the Defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331-32.

On May 5, 2021, Defendant pled guilty to Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. DE 26. On August 6, 2021, this court sentenced Defendant to 90 months' imprisonment and three years on supervised release. DE 35. On April 4, 2022, this court granted the United States' motion to reduce Defendant's sentence to a total of 54 months' imprisonment; the remainder of the sentence remained the same. DE 46.

No party disputes that Defendant has exhausted his available administrative remedies. In the present motion, Defendant argues that information concerning his cooperation with the

---

[1] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

government has been "leaked to the BOP inmate population," he has been assaulted[2] and received threats of harm, and to ensure his safety, the BOP has placed him in the Special Housing Units (SHU) at FCI Allenwood and FCI Berlin, in which he had limited contact with anyone, including his family, and was unable to attend classes/programs. Defendant contends that these circumstances are extraordinary and compelling and justify a reduction of his sentence. The United States counters that Defendant fails both to demonstrate extraordinary and compelling circumstances and to show that consideration of the § 3553(a) factors weighs in favor of granting Defendant's request.

Defendant is currently incarcerated at FCI Bennettsville, South Carolina, and his projected release date is March 30, 2025. BOP Inmate Locator, https://www.bop.gov/inmateloc/;register number 25826-014; last visited April 1, 2024. In light of his transfer—since the filing of the present motion—to a new facility, this court issued an order to show cause why Defendant's motion, based primarily on his argument that he was subjected to threats to his personal safety at his prior facilities, should not be denied as moot. Defendant responded that, "because there are cell phones all over the yard" at FCI Bennettsville, he has been already approached and directed to provide proof that he did not cooperate with the government. DE 70-1. Defendant asserts that he is "not safe at all" and expects to be moved to secured housing soon, where he anticipates "spend[ing] months in isolation" away from his family. *Id.* Defendant claims that, during his incarceration, he has "been to the suicide watch room 2 times." *Id.*

The United States argues that, even under the current, more expansive policy statement in U.S.S.G. § 1B1.13(b), Defendant does not identify circumstances sufficient to meet the high

---

[2] Defendant asserts that his medical records reflect and confirm the assaults he has suffered, but while a copy of an August 16, 2023 incident report was attached to his counseled memorandum, neither he nor his counsel attached copies of any medical records.

3

standard for a compassionate release. The government also contends that Defendant is, in fact, arguing an Eighth Amendment violation, which is not properly challenged under § 3582(c)(1)(A).

The court agrees with other judicial officers, including one in this circuit, who have considered the question presented here and finds that Defendant's concerns for his personal safety in prison do not establish extraordinary and compelling circumstances justifying an early compassionate release. *See United States v. Tate*, No. 3:16-CR-74, 2022 WL 827256, at *2 (W.D.N.C. Mar. 18, 2022); *see also United States v. Burleson*, No. 216CR00046GMN16, 2022 WL 17343788, at *3 n.3 (D. Nev. Nov. 29, 2022), *aff'd*, No. 17-10319, 2023 WL 3615670 (9th Cir. May 24, 2023), *opinion amended and superseded on denial of reh'g and judgment aff'd*, No. 17-10319, 2023 WL 5275176 (9th Cir. Aug. 16, 2023), *cert. denied*, 144 S. Ct. 600, 217 L. Ed. 2d 320 (2024) (Defendant's allegations that his "life has been threatened multiple times" and he was unable to protect himself due to his medical conditions were insufficient to demonstrate extraordinary and compelling circumstances); *United States v. Stewart*, No. 02-cr-62, 2022 WL 4094128, at *3 (D. Del. Sept. 7, 2022) (finding that, although serious and concerning, a prison rape did not constitute an extraordinary and compelling reason to release defendant from an otherwise lawful incarceration).

In *Tate*, like here, the defendant claimed that the United Blood Nation gang ("Bloods") had a "hit" on him for his cooperation with the government. 2022 WL 827256, at *2. The government acknowledged that Mr. Tate was reasonably concerned for his safety, but argued, and the court agreed, that possible physical harm from other inmates in the BOP is not an extraordinary and compelling reason for compassionate release. *Id.* ("An inmate's reasonable fear of assault by other inmates within the BOP is not an extraordinary or compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A)."). The *Tate* court also noted—which remains true after the

4

November 2023 amendments—that the policy statement in U.S.S.G. § 1B1.13(b) "provides no support for fear of physical harm in prison to be considered an extraordinary and compelling reason for compassionate release." *Id.* Further, the court determined that the defendant's early release from prison would not necessarily end or reduce any threat to his safety "since the United Blood Nation is unfortunately active outside of prisons." *Id.*

This court agrees with the analysis in *Tate* and finds further that, in this case, Defendant's isolation from family and inability to attend classes/programs while residing in protective, secured housing may be difficult and discouraging, but does not rise to the level necessary to render his circumstances either extraordinary or compelling. Moreover, while Defendant expressed in his most recent description of his prison conditions a continued fear for his safety based on prior cooperation, he also urged his attorney to relay to the Assistant U.S. Attorney that he has "info on [his] cellmate who is running a state-to-state drug ring with some cartel members" and expressed his willingness to "help" by providing names and cell phone numbers and "record[ing] some conversations." DE 70-1. The court is not convinced that, under the circumstances presented here, Defendant articulates an extraordinary and compelling reason to justify his early release under § 3582(c)(1)(A).

Because the court must consider factors under 18 U.S.C. § 3553(a) only if it finds the defendant has demonstrated extraordinary and compelling circumstances, the court need not proceed to do so in this case. *High*, 997 F.3d at 186 (explaining that a court should consider § 3553(a) factors once a defendant has successfully demonstrated eligibility by showing extraordinary and compelling circumstances).

5

In sum, Defendant does not demonstrate an extraordinary and compelling reason to warrant another reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For this reason, Defendant's motion for compassionate release pursuant to 18 U.S.C. 3582 [DE 48] is DENIED.

SO ORDERED this __3d__ day of April, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE